Good morning Your Honour. As we have indicated in our brief and I'll try not to rehash the brief Your Honours, the government's discretion under 3E1.1b of the guidelines was amended by way of commentary and following that amendment in November of 2013, the government's discretion under 3E1.1b is limited. The government's discretion is limited solely to the decision as to whether or not in this instance Mr. Hoang timely notified the government of his intention to enter a guilty plea and thereby save the government the burden of trial preparation and conserve the government's trial resources. The government made no motion or queried Mr. Hoang's timely notice of his intention to plead guilty. Therefore, its refusal to file a third — a motion for the third point in the district court was impermissible and not based on interests articulated in 3E1.1, and therefore— Let me ask you a question. I'm worried about the district court here. The district court had all of this stuff in front of it. The only thing that I saw in the record is that your counsel for your client objected to the PSR, claiming that he was due an adjustment. But that's all I find in the record, that the district court knew anything about this argument. The — your Honor, the request was made by way of an objection to the final pre-sentence report. It was the objection of the PSR, and then I didn't see anything else. Well, there were several requests, your Honor, during the sentencing hearing for the third point. There was discussion of Mr. Hoang's entitlement to the third point. It is— Did you ever argue, or not you, but counsel, that it was there for the government not to recommend the extra level? I think the argument was implicit in the objection, your Honor. So implicit. So it wasn't made, but you think implicit. I think it was. Because of the objection of the PSR. And the — which was reiterated throughout the sentencing hearing. I think— Did you ever argue that the amendment required the reduction? The amendment wasn't argued specifically. Again, your Honor, I think it's implicit— Then why do we make your argument now? Well, I think the argument — the claim was made in district court, and I think, therefore, the claim that we are presenting a new legal argument, so to speak, on a claim that was preserved in the district court, I think it's implicit, as I said, your Honor, that once the objection is made, and I think any objection that the United States had to 3E1.1A were objections to the subsection A analysis, which the court engaged in. Okay. So I appreciate this, but that all runs back to this objection to the PSR, and I'm not sure that's enough. Is there any case that I can look at that suggests that an objection to the PSR is enough to raise the issue when it isn't raised any other place? Well, I think, as I said, your Honor, I think that— Is there one? Yes or no? If there is one, cite me one, because I wanted to go find it, and I couldn't find it. As a general matter, I think the claim was preserved by way of the objection— So you're arguing you don't have a case, you're just giving good argument. Is that what you're telling me? I don't have a specific case that— So am I on clear error review then here? I think, your Honor, we feel that the review would be harmless. But even if, your Honor, if the court is engaged in a clear error analysis — a plain error analysis, excuse me — I think that the case needs to be reminded anyway. Now, I'm looking for— Well, did the district court make any finding as to the reasons for the government not making the motion? And the court wasn't asked to make that finding, was it? Well, I think implicitly, yes. But, you know, implicitly, you can keep saying I preserved it, and I understand that. But district court never said anything, and no lawyer jumped up and said, oh, by the way, Judge, we've got this request, I want you to speak to this. It simply wasn't on the table. So the district court didn't make any finding or say anything with regard to the propriety of the government not bringing the motion. And you're not saying the district court didn't say something when he had been asked to. I think with respect, it is on the table to the extent that Mr. Huang repeatedly requested three points. And given the mechanical application of 3E1.1, once the court has entertained the analysis under subsection A and found that Mr. Huang is entitled to acceptance of responsibility, absent the government's articulation of a permissible reason not to move, I think the court necessarily needs to engage, based on Mr. Huang's repeated request for the third point. Well, I hear you, but he wasn't asked to, was he? Not specifically with respect to 3E1.1. Okay. Let me ask, let's look at that. What basis do we have now to say that the government did not have an appropriate reason? I mean, there's no record on that, is there? Well, I think that, well, that's correct. But to the extent the government offered no, no, no reason at any point in the record with respect to its burden. If the judge wasn't asked to make a finding, it's not hard to figure out the government wasn't asked to explain itself on that either. Correct. So the possibility remains that the government had a reason that would be legitimate under Amendment 775. We just don't know what it, whether they did or not. The government's sole objection, I mean, the government was in a position to file a position of paper. It did. So it was your client. Correct. And the government objected to the acceptance of responsibility as it related to subsection A. The reasons that the government proffered as for its position as to why Mr. Huang did not deserve acceptance were twofold. And they spoke to issues that would be analyzed under subsection A, whether or not Mr. Huang had voluntarily terminated his criminal conduct and whether or not Mr. Huang's acceptance was genuine to the extent the government thought he was minimizing his conduct. Both of those objections are objections that the judge obviously considered. They speak to subsection A. By virtue of the judge's granting of the two levels, the judge obviously did not accept those arguments. The government at no time, either during the plea colloquy or at the sentencing hearing or in its papers, argued that Mr. Huang had not timely notified the government of his intent to plead guilty. And I think that... Well, counsel, on the preservation issue, your position is that the claim was preserved. And if you look at the sentencing transcript, at the adjudication portion of the sentencing, the end of it, where the court tells the defendant what is going to happen, the court specifically finds that there's been an acceptance of 1.1A and then goes on. And later asks counsel if there's anything further that counsel would like to say. And counsel makes some statements regarding restitution. A second time, the court asks counsel, is there anything further you'd like to say? And then a third time, asks counsel, is there anything further you'd like to say? Shouldn't counsel have at that time say, yes, we want the — we would ask the court to require the government to state why they did not file the motion for the one-point acceptance of responsibility. Isn't that what normally would happen? I think, yes. Certainly that should have happened. And obviously, we would be here with much less to worry about had that happened. But I believe that the fact that the issue of acceptance was raised by way of objection and on the record with respect to all three points, it's implicit in the argument and the request for the three points that the — that Mr. Huang expected the district court to entertain argument on the third point. There's no doubt, Your Honor, that it would have been much better practice to have made a specific request. But the claim was made. We are here now, so to speak, with a new argument, a variation on a theme. But the claim was made and I think preserved. But I guess the question that I have, which is, I think, subsumed in my colleague's questions, you're agreeing that the additional reduction point has to be made by the government by a motion. The motion wasn't made. We don't know for sure why it wasn't made. We know what the objections were, but we don't know for sure why it wasn't made. And we're not clear — I mean, I'm going to go a little bit into the theoretical. The government doesn't have to agree that everything's been done under 1A simply because the court does. And supposing the government said they didn't do everything they needed to do under A and we're not making the motion. At that point, then, the court has to determine if the government is doing what they need to do or the government isn't doing what they need to do or whether they don't agree with the government. But the government has to — has a decision to make, and the government wasn't ever put on the spot to make the decision. Well, if I may, and I'll try to answer the Court's question within the remaining session. And we're taking you over, and we'll still give you a chance for a brief rebuttal. Thank you, Your Honors. I think that, firstly, the government's analysis, so to speak, is limited to subsection B. I don't believe if the court decides under A that Mr. Huang was entitled to acceptance of responsibility, the government is not, I don't believe, entitled to withhold its motion pursuant to subsection B. But the amendment doesn't say that. The amendment says the government should not withhold such motion based on interests not identified in 3E1.1. That doesn't limit it to B. Correct. And the comment 6 emphasizes that. I believe the plain reading of 3E1.1B is that the focus is clearly on the government's efficient allocation of trial resources and to the extent that the commentary was predicated on the three cases that this commission cited, all of which analyzed in detail the purpose of the amendment and the fact that the government's discretion was limited solely to the — I got your argument. But with respect, Your Honor, to the court's other point as to whether or not the record is or isn't silent on the government's purpose, I suppose one benefit of remand would be to have the government flesh that out. I don't believe that the government at any point could and did make the argument that they hadn't timely noticed. And I think the record is clear that the government had timely notice. Mr. Huang was charged in a superseding information. Obviously, he saved the government time and resources by waiving his constitutional right to an indictment. Four days later, he entered a guilty plea, admitting a very factual basis, a very I should say detailed factual basis. And during the plea colloquy, due to the way the plea colloquy went, at one point Mr. Huang articulated to the district court, I want to accept my responsibility. And at a later point, due to a break for a question, counsel said on Mr. Huang's behalf, Mr. Huang is unequivocally accepting responsibility, the government at no time. Well, there are lots of things that could be said and the government, I suspect, will say. But I think we have your point. And if you want to reserve some rebuttal. If I may, I would like two minutes. I appreciate your time and patience. My name is Mary Jean Chan, and I represent the United States in this appeal. This court is right that the plain error standard applies in this case. The defendant tries to shift the burden to the government, but the motion is the discretion at the discretion for the third point is at the discretion of the government. This is something that is undisputed by all the cases that are cited in the amendment 775. Well, discretion may be a dangerous word here, because it's certainly fettered discretion. That's correct. Based on the amendment to the guidelines. That's correct, Your Honor. Amendment 775 makes that clear, that the discretion has to be based upon interests that are delineated in the whole of 3E1.1. Not just be, as Judge Smith said, but. Well, let me pause on that, because I'm a little concerned. Does this mean that we've got a district judge who makes the ultimate decision with regard to the first two points, and the government's entitled to make an ultimate decision different from the district judge with regard to the third point, simply because it disagrees with the court's judgment with regard to acceptance of responsibility? Yes. So we agree with Castillo, Your Honor. Well, but not, really? Because if that were the case, because the district judge is allowed to consider lots of factors with regard to acceptance of responsibility, it seems to me the third point is specifically supposed to be tied to efficiency and preservation of resources. The government has to state that that happens, that basically all the efficiencies that can normally be expected from a timely guilty plea, unconditional guilty plea, are going to be met. However, that's. Well, suppose, hypothetically, suppose unlike here where there's some reason to complain about what he did with regard to sentencing and so forth, suppose you've got a defendant who completely says, I'm pleading guilty, I'm not causing any trouble at all, the government's going to have to, it's developed its case, didn't have to break a sweat to go any further. So there's no question with regard to that factor. Could the government still withhold its motion and withhold the third point based on something that says, yeah, but we don't think he's really accepting responsibility? Well, depending on the factors, we believe that's true, that's allowable. Even though the district court concludes that with regard to the first two points, yes, he did accept responsibility. Right. And they get to have those two points, but you can't force the government to make a motion for a point, a third point, when they don't believe that the defendant should receive any point of responsibility. That's what gives me pause. I'm not sure the sentencing guidelines are intended to give the prosecutor complete authority over that third point if it disagrees with the court. If it's a subject matter that the court has already spoken to, why give the prosecutor a chance to effect sentence by saying to the court, I disagree with you, Judge, I don't think he's accepting responsibility, so I'm not going to make the motion? Because What's the sense in that? The sense in that is because Congress amended the guidelines directly in 2003 to give the government discretion over that third point, not the first two points. But it's understandable with regard to the efficiency, because the government knows far better than anybody else whether, in fact, they've saved resources in the prosecution of the case. But why does the government have a say about sentencing with regard to things that the district court itself is passing on? Well, to begin with, there are the two points. They've been separated in terms of the authority, but also the commission itself in the note, in note 6, specifically says that the government may take into account any interest identified in 3E1.1. And as Judge Smith pointed out to you, the district court has a full stop on that. Did it say explicitly, even if the government's judgment is contrary to that of the district court? No, but it says full stop. I mean, it doesn't go on to say only with respect to B. And it clearly could have done that. Also, I think it's clear that the section B itself says that you don't get to B unless the defendant qualifies. It does for a decrease under subsection A. It doesn't say only if the district court grants the decrease. So the government is entitled to take into account. How is that different? Because you don't get to point 3 until he's qualified for the first two points. It's a judge says he qualifies for the first two points. How do you not get to the third point as a result? It suggests that the government may take into account the acceptance of responsibility by making its own determination of whether the defendant qualifies for A. Why? That's right. I go back to the right. I see the language, but I don't understand why with regard to sentencing, which is uniquely a court, a judge task, where the judge has made a determination as to a subject, why the government can withhold the third point simply because the government says to the judge, we disagree, and so we're not going to let you do that. I don't understand the logic of why the government is given a separate voice as to something where the court itself has spoken. Well, the court gets to point those two points, but the third point belongs to the government. So why? Why with regard to sentencing, which is a court function, does the government have unique power, the prosecution have unique power to disagree with the judge and say, judge, you can't do that? Because Congress said so, and Congress divided it up. And this Court has said that the Feeney Amendment didn't violate separation of powers by separating it so that the third point belongs essentially to the executive function. So from my perspective right now, you're relying simply because you think that's what the statute requires. And I'm saying to you, I understand the logic of that with regard to acceptance of responsibility saving the government money, but I really don't understand the logic elsewhere, and you haven't given me anything that suggests there's a logic for it elsewhere. Well, I think that there is a logic, which is that there's the two separations. I think that those are distinct functions. We're not asking the court for example. And sentencing is a court function. It is a court function. Why is there a unique role of the government to speak as to the sentencing? Because this Court has said specifically, I believe it was in the Medina-Tron case that said that the Feeney Amendment allows for the government to have a role, an executive function, and that it isn't solely the judicial province to calculate. But I'd also like to provide that although this record is undeveloped because the defendant never made the objection necessary to trigger the government,  to hold the third point, this record alone contains enough for this Court to affirm. And the second basis beyond the disagreement about the acceptance of responsibility under A is that the government believes that there is something on the record that suggests that the defendant's actions in this case negated the efficiencies that normally can be expected to flow from an outright guilty plea. A timely guilty plea is a necessary, but it's not by itself necessarily sufficient to authorize or satisfy the conditions for the third point. 3E1.1b says that a timely guilty plea must thereby permit the government to avoid preparing for trial, but not just that, and permit the government and the Court to allocate their resources efficiently. If we were only permitted to talk about the sort of avoidance of trial preparation by the government, this second portion, this second clause would be superfluous if it weren't talking about the efficiencies beyond just preparing for trial. And that, yes. So it seems to me what you're saying, and I appreciate that I used your arguments in making my questions to the appellant. However, it seems to me that what you're now saying is that I really don't have to meet or especially get to whether you can look at the same points the judge looks under A. That you meet the qualifications under B. Is that what you're suggesting? We are saying that we meet under both. We have two bases that are on this record, which is, again, undeveloped because the government was never, there was no objective evidence put before the district court to suggest that the decision to withhold was arbitrary or invidious in this case. And the second one is that the defendant basically denied real responsibility for the securities fraud. He said that he essentially had only intended to help people to make money and he just sort of got in over his head. And then he contested the loss and victim adjustments without a good faith basis for doing so. Now, a good faith basis for contesting sentencing is something that is necessary to adjust punishment, something that is a purpose in the background notes for 3E1.1. But frivolously contesting those things, frivolously contesting them or falsely denying are things that are actually oppositional to the point of this, which is to arrive at a just punishment. And so what the defendant in this case did was to hold those things up and thereby negate a lot of the efficiencies that could be expected to come from an outright guilty plea. This is totally supported by Amendment 775, which only talks about the waiver of appellate rights that are, as Diven said, beyond what comes from an outright guilty plea. If you plead guilty, what comes from that and it's well settled is that you've basically waived your right to appeal all non-jurisdictional antecedent rulings and all antecedent constitutional defects. What's left is really just sentencing appeals or whether you had legal counsel or adequate counsel. So that's all that Amendment 775 says, which is that those kinds of things which are not necessary to the determination of a just punishment are things that the government can't require because that's not something that directly flows out of an outright guilty plea. In this case, we have case-specific factors that suggest that he, by his actions, Mr. Huang, really negated those efficiencies and that would have been an independent basis for the government to withhold the third point. Negated those efficiencies, specifically what is it, what are we talking about here? We're saying that if he had admitted really to the offense or had not falsely denied it, there wouldn't have had to be an evidentiary hearing and the government wouldn't have had to prepare for that. Amendment 775, I understand the logic of that completely. Right. Amendment 775 seems to point to the Second Circuit's decision in Lee to say that the request for evidentiary hearing on sentencing issues can't be the basis for the government withholding. Absolutely, but Lee is very careful to say that it has to be a good-faith basis, good-faith contesting of a sentence. So if you really have, if the defendant had put forth some different loss calculations instead of just blanketly objecting and never putting forth any numbers to suggest why the government's loss amount of 3.2 million was wrong, that would have been a good-faith contest. There would have been something to talk about. Here it was just, no, that's not right. We contested, okay, the government has to come up and prepare all these witnesses and prepare for an evidentiary hearing. The court has to calendar an entire day, specially set this on the calendar to do this. And there's no good-faith basis for doing that. So the difference is whether the district court, I take it, didn't speak to that issue, because it was never asked to address this whole subject. It was never asked to do so, you're absolutely right. So we're kind of feeling our way through the dark here. Well, that's right, Your Honor, because, so what I'm saying is that there's no basis because it's an undeveloped record to reverse and grant the relief that Mr. Huang asks, but there is, on this record, enough for this Court to affirm the district court. And that's what we ask for. Thank you, Your Honor. Thank you. We'll give you a minute for rebuttal. The government's position with respect to acceptance was made in district court, and trial counsel stated the notion that the government believed that the notion of acceptance is broader than simply a mechanical checklist set forth in the guidelines. So that was the government's position with respect to acceptance. That's at the excerpt of record page 37. With respect to put That was in response to your objection? It was in response to, yes, Your Honors. I just want to make sure that I read what you're really talking about there. Thank you. And then with respect to the standard of review, again, I think the Court's analysis of a sense-in-guidelines calculation issue in vargum is opposite in this particular instance. And even if the Court were to apply clear error in this particular instance, there's no doubt that the error was plain. It affected Mr. Huang's substantial rights and necessarily the fairness of the judicial proceedings. You've used your minute. One more thing you can say and that will be it. There's two very quickly. Trial resources are clearly the focus of 3E1.1b. Divens, Davis cited in the commentary, Divens was But is there logic in that? If the whole point of it is efficiency, there's inefficiency if somebody puts up a sentencing argument that turns out not to have any substance to it and makes the government prepare for that hearing. There's just as much of inefficiency there. Well, firstly, if I might, Your Honor. I've now posed the question to you, so yes. The request for an evidentiary hearing was never made by Mr. Huang. Mr. Huang made an objection, a general objection to the draft pre-sense report. That objection was dropped and not reiterated in response to the final pre-sense report. Repeatedly through the record, Mr. Huang told the district court that we don't need an evidentiary hearing. He had accepted, as is clear from his position paper, the relevant conduct. There was some question with respect to the issue of restitution. There's no bad faith, good faith requirement in 3E1.1b, and clearly, Mr. Huang, as Your Honor pointed out, based on Lee and now the Fifth Circuit in Castillo Are you arguing that the government's preparation for a sentencing hearing was silly? The government shouldn't have gotten ready for that hearing because they had no reason to be concerned? I think Mr. Huang was not contesting relevant conduct as it relates to the guideline calculation. And that was clear in his position paper, and it was clear on the record. At one point, when Mr. Huang reiterated that objection, Mr. Colthurst, the government trial counsel, said, I understand, but I want to make points broader than impact. After the first witness, Mr. Huang reiterated, I don't object to Mr. Colthurst continuing, but again, it's not necessary. Now, with respect to the issue of restitution, Your Honors, clearly, Mr. Huang preserved that issue, and in terms of whether it's good and bad faith, when Mr. Huang and the government returned for the restitution hearing, the precinct report had calculated the loss at $3,268,000, I believe $79.62, or $62.79. But when the parties returned to the restitution hearing, the government conceded that Mr. Huang's issues with paybacks, as they related to the final cut figure, if you will, were legitimate and, in fact, the restitution amount set by the district court was $3 million, $268,000 and some dollars less than articulated in the pre-sentence report. So there's no evidence of bad faith, and I think, importantly, trial counsel for the district court offered no such objection in the district court. So this is an argument that the government makes now out of whole cloth, and there's no support in the record for the argument, and I believe that there's no bad faith. I find it interesting you're making that argument based on what counsel did for your client in the district court. I think that, well, point clearly, Your Honor. I just say that generally, just to end, because you've had way over your time. And I appreciate the court's indulgence. Thank you very much. Thank you, Your Honor. Thank you. Thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Black, Clifton, Smith